**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4623-15T3

THE FOUR FELDS, INC., d/b/a
L. EPSTEIN HARDWARE CO., and
REASONABLE LOCK & SAFE CO.,
INC.,

      Plaintiffs-Appellants,

v.

THE CITY OF ORANGE TOWNSHIP
and OAKWOOD TOWERS URBAN
RENEWAL, LLC,

      Defendants-Respondents.

_____

> Argued February 7, 2018 – Decided May 31, 2019
>
> Before Judges Fuentes, Koblitz and Suter.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7007-15.
>
> Jeffrey S. Feld argued the cause for appellants.
>
> Victor J. Herlinsky, Jr. argued the cause for respondent Oakwood Towers Urban Renewal (Sills Cummis & Gross, PC, attorneys; Victor J. Herlinsky, Jr., of counsel; William R. Stuart III, on the brief).

Robert D. Kretzer argued the cause for respondent City of Orange Township (Lamb Kretzer, LLC, attorneys; Robert D. Kretzer, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiffs The Four Felds, Inc., d/b/a L. Epstein Hardware Co., and Reasonable Lock & Safe Co., Inc., filed a complaint in lieu of prerogative writs[1] challenging an ordinance of the City of Orange Township (the City). In accordance with the Long Term Tax Exemption Law (LTTEL), N.J.S.A. 40A:20-1 to -22, the City granted Oakwood Towers Urban Renewal, LLC (Oakwood Towers) a tax abatement to facilitate a redevelopment project for low-income senior citizen housing. Plaintiffs argued before the trial court that the ordinance was invalid because the City failed to comply with the LTTEL. The trial court granted defendants' motion for summary judgment and declared the ordinance valid. The court also denied plaintiffs' motion for reconsideration.

In this appeal, plaintiffs argue the trial court misapplied the standard for deciding a motion for summary judgment under Rule 4:46-2(c) and abused its discretionary authority by denying plaintiffs' motion for reconsideration without

---

[1] See Rule 4:69-1 to -7.

oral argument from counsel. We reject these arguments and affirm. The following facts will inform our analysis.

Oakwood Towers filed an application for a new long term tax abatement pursuant to LTTEL to replace a long term tax abatement the City previously granted to the property. The New Jersey Housing and Mortgage Financing Agency provided the necessary financing for the project. On July 1, 2015, the City adopted Ordinance No. 37-2015, which authorized the execution of the financial agreement with Oakwood Towers required to grant the tax exemption under LTTEL. The ordinance approved the August 12, 2015 financial agreement and explained that the previous owner of the apartment complex, Cord Meyer Development Company, sold its interest to Oakwood Towers, "a limited-dividend housing association formed pursuant to the Limited-Dividend Law[.]" The 2015 financial agreement specified that the City consented to the transfer. However, the 2014 financial agreement controlled until the annual service charge commencement date.[2]

On October 7, 2015, plaintiffs filed this action in lieu of prerogative writs against defendants the City and Oakwood Towers. The complaint sought to void

---

[2] The ordinance made clear that the project would provide renovations to the apartment complex while preserving its status as a low-income affordable housing project for elderly or disabled persons.

the ordinance the City adopted on July 1, 2015, that granted the tax abatement to Oakwood Towers pursuant to LTTEL.  The complaint alleged, inter alia, that:

> the City failed to attach the long term tax exemption application to the public's Agenda Packet; the City failed to obtain a fiscal impact study in support of the Oakwood Towers' Acquisition and Rehabilitation PILOT [(payments in lieu of taxes)]; the City failed to create a proper legislative record supporting its mandatory statutory costs/benefits findings; the City failed to make a proper legislative record for its need for additional affordable housing statutory finding; the City accepted less than 10% of the Project's Revenues; the City permitted the former owner to keep all of the "net" sale proceeds; the City failed to quantify the minimum guaranteed payment due [to] the City.

Oakwood Towers filed a motion for summary judgment pursuant to Rule 4:46-2, which the City joined.  On April 7, 2016, the trial court heard oral argument on both motions.  On April 8, 2016, the trial court issued an order granting both defendants' motions for summary judgment and dismissing plaintiffs' complaint with prejudice.  The trial court found no factual or legal basis to impugn the ordinance's presumptive validity.  The court also denied plaintiffs' motion for reconsideration pursuant to Rule 4:49-2.

As this court recently explained, "[i]n enacting the LTTEL, the Legislature carefully crafted a statutory scheme that provides municipalities with the means to carry out the public policy underpinning the act."  MEPT

<u>Journal Square Urban Renewal, LLC v. City of Jersey City</u>, 455 N.J. Super. 608, 623 (App. Div. 2018), <u>certif. denied</u>, 236 N.J. 356 (2019). Municipal ordinances duly adopted pursuant to authority delegated by statute enjoy a presumption of validity. <u>N.J. Shore Builders Ass'n v. Twp. of Jackson</u>, 199 N.J. 38, 55 (2009) (citing <u>Brown v. City of Newark</u>, 113 N.J. 565, 571 (1989)). The party challenging the ordinance bears a heavy burden of overcoming that presumption. <u>388 Route 22 Readington Realty Holdings, LLC v. Twp. of Readington</u>, 221 N.J. 318, 339 (2015). A challenging party can overcome the presumption of validity only through a clear showing that an ordinance is arbitrary or unreasonable. <u>515 Assocs. v. City of Newark</u>, 132 N.J. 180, 186 (1993) (citing <u>Hudson Circle Servicenter, Inc. v. Kearny</u>, 70 N.J. 289, 299 (1976)).

We discern no legal basis to question the validity of this ordinance. We acknowledge that the motion judge's explanation of his ruling does not meet all of the requirements of <u>Rule</u> 1:7-4(a). However, based on our de novo review of the record, <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 479 (2014), we are satisfied plaintiffs have not presented sufficient grounds to overcome the ordinance's presumption of validity.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4623-15T3